HENRY L. GRUSSEMEYER *et al., Appellants,* v. F. C. HARPER *et al., Respondents,* J. SUTHERLAND *et al., Appellants.*[1]

*E. B. Quackenbush,* for appellants Grussemeyer *et al.*

*Danson, Lowe & Danson,* for appellants Sutherland *et al.*

*Post, Russell, Davis & Paine,* for respondents Harper *et al.*

*Lundin, Barto & Devin,* for respondents Lundin *et al.*

TOLMAN, J.—This is an action brought by a group of stockholders of the Motor Safety Indicator, Inc., a corporation, against the former officers and trustees and a number of employees of the corporation, the corporation itself being made a defendant.  The only defendants who appeared in and contested the action were the former president, the former vice-president, and the former secretary of the corporation; these three having constituted the board of trustees during all of

[1]Reported in 60 P. (2d) 702.

the time when they were active in the affairs of the corporation.

The complaint makes sweeping and most general charges of conspiracy, embezzlement and conversion, fraud, negligence, and mismanagement, all of which it is alleged caused serious financial loss to the corporation and to its stockholders.

The case was tried to the court, and a vast amount of evidence, both oral and documentary, was produced. When the plaintiffs rested, the defendants challenged the sufficiency of the evidence, and the trial court, being of the opinion that the plaintiffs' evidence, taken as true, did not warrant any recovery, sustained the challenge and entered judgment dismissing the action with prejudice. Plaintiffs have appealed.

The questions raised, with one exception, are all questions of fact. Manifestly, it is impossible to set forth, analyze and discuss the evidence in detail, nor can we see any good purpose to be served by so doing. It must suffice to say that the corporation was organized for the purpose of introducing, manufacturing and selling a device under patent rights which were assigned to the corporation by its promoters. The venture was, at best, extremely speculative—more so than is commonly the case, because legislation would have to be enacted in each state or country before a demand or market therein could be established for the device.

The officers and trustees who became such at the organization of the corporation, continued to so serve for a period of six years, or a little longer, and their successors were duly elected and took over the affairs of the corporation in September, 1929. The office of the corporation was removed from Seattle to Spokane, and it was then discovered, or discoverable, that the records were incomplete. This action was commenced

in September, 1932, more than two years after the respondents ceased to be trustees and officers of the corporation.

As to the charges of conspiracy, embezzlement, conversion and fraud, a study of the voluminous record leads us to agree with the trial court in his holding that the evidence wholly fails to substantiate either charge.

Negligence was shown as to one or two of the respondents sufficient to put them to their proof, except that the negligence, if any, occurred more than two years prior to the bringing of this action, and the corporation and its stockholders had notice of the facts upon which negligence must be predicated from the time that these respondents' trustees retired and were succeeded by a new board of trustees.

We think very clearly the facts bring the cause of action for negligence under Rem. Rev. Stat., § 165 [P. C. § 8172], which fixes a two-year limitation. It may be, as appellants contend, that, so long as these respondents were trustees and in a position of trust, the statute would not begin to run, but we find no authority which holds that the statute did not begin to run from the day when they ceased to be trustees.

Finding no error, the judgment appealed from is affirmed.

MILLARD, C. J., MITCHELL, STEINERT, and GERAGHTY, JJ., concur.